UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE WALKER,

                    Plaintiff,

        -against-

FEDERATION OF ORGANIZATION AKA
RISE WELL COMMUNITY SERVICES,

                    Defendant.

24-CV-7015 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that her employer

discriminated against her based on a prior criminal conviction. By order dated October 8, 2024,

the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but

grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Saint Albans, New York, brings this action against her

former employer, Federation of Organization, of West Babylon, New York, which she alleges

has recently changed its name to Rise Well Community Services. The following allegations are

taken from the complaint. On July 1, 2023, Plaintiff was hired by Defendant as a Family Peer

Advocate. Plaintiff's employment was "contingent on fingerprinting." (ECF 1, at 6.) After

completing her initial fingerprinting, Plaintiff was approved to begin work on July 3, 2023. In

mid to late-July 2023, she completed a second round of fingerprinting. On August 19, 2023,

Plaintiff received a letter from the Department of Health stating that she had an "open criminal

case" and that she would be "removed from direct client contact but not terminated from

employment." (*Id.*)

Plaintiff was initially unaware of any open criminal case against her. On August 21, 2023, she visited the United States District Court for the Eastern District of New York, where she discovered that the case in question was a closed criminal case from 1993 in the United States District Court for the Northern District of Texas. Plaintiff states that she was never convicted and that the case was terminated.

On August 23, 2023, Plaintiff's supervisor, Kerry Eller, called her and told her she was fired. On the same day, Plaintiff delivered to Eller a stamped copy of the disposition of her 1993 criminal case. On several occasions over the next month, Plaintiff requested a letter from Defendant's Human Resources ("HR") department stating the reason for her termination, but she never received a letter. On September 22, 2023, Plaintiff received a call from the Katrina Hill from HR in which Hill apologized for the error, told Plaintiff that her employment would be reinstated without restriction, and offered her backpay and mileage expenses for July and August 2023.[1]

Plaintiff returned to work on October 4, 2023. After returning to work, Plaintiff "began to face microaggressions, retaliation, and discrimination" from her coworkers. (*Id.* at 7.) Although the incidents were initially "somewhat vague and difficult to understand," Plaintiff was "continuously feeling marginalized and disheartened." (*Id.*) For example, Plaintiff was not included in a Zoom meeting with one of her clients, and when she requested confirmation from a coworker that the meeting was taking place, the coworker gave her "an unprofessional and aggressive response." (*Id.*) In another instance, Plaintiff was excluded from a meeting with a client after her coworker "expressed reluctance" about Plaintiff's attending the meeting. (*Id.* at 8.) Plaintiff also experienced discrepancies in her pay, such as not receiving holiday pay, which

---

[1] Plaintiff alleges that she was only paid for July 2023.

HR failed to resolve. She also "discovered that she had been working under someone else's

Social Security number," which, despite reaching out to HR, was never resolved. (*Id.* at 9.)

In a November 8, 2023 meeting with her supervisor, Plaintiff "expressed her feelings of

discomfort and unease" and informed her supervisor that she would be reaching out to HR "to

discuss the resignation process." (*Id.*) Plaintiff resigned, effective November 13, 2023, "[d]ue to

the discrimination and hostile work environment." (*Id.*) Plaintiff asserts that "she was subjected

to constructive termination because she suffered such severe discrimination and harassment that

she resigned for her own mental health." (*Id.*) Plaintiff further asserts that because of her past

criminal matter, which did not result in a conviction, her supervisor and HR "were deliberately

dismissive of her needs and concerns . . . leading to her alienation and eventual resignation."

(*Id.*)

Plaintiff filed a change of discrimination with the U.S. Equal Employment Opportunity

Commission ("EEOC"), and on June 14, 2024, the EEOC issued a Notice of Right to Sue.

Plaintiff seeks money damages and injunctive relief.

## DISCUSSION

### A.    Title VII claims

The Court construes the complaint as attempting to assert a claim under Title VII of the

Civil Right Act of 1964.[2] Title VII provides that "[i]t shall be an unlawful employment practice

for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or

---

[2] Other federal antidiscrimination statutes, such as the Age Discrimination in
Employment Act, which protects against discrimination based on age, and the Americans with
Disabilities Act, which protects against discrimination based on a disability, are not applicable.

privileges of employment, because of such individual's race, color, religion, sex or national

origin." 42 U.S.C. § 2000e-2(a).

Title VII prohibits employers from mistreating an individual because of the individual's

protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against

an employee who has opposed any practice made unlawful by those statutes, *see Crawford v.*

*Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s],"

"resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason

other than an employee's protected characteristic or opposition to unlawful conduct is not

actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*,

513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.

2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly

allege that (1) the employer took adverse employment action against him, and (2) his race, color,

religion, sex, or national origin was a motivating factor in the employment decision." *Vega v.*

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by

alleging facts that directly show discrimination or facts that indirectly show discrimination by

giving rise to a plausible inference of discrimination." *Id.* at 87.

Title VII prohibits discrimination because of an individual's race, color, religion, sex, or

national origin. It does not prohibit discrimination because of an individual's criminal

convictions, *see, e.g.*, *Booker v. City of New York*, No. 14-CV-9801 (PAC) (HBP), 2017 WL

151625, at *3 (S.D.N.Y. Jan. 13, 2017) ("Title VII does not prohibit discrimination against

individuals with criminal records.") (collecting cases); *Williams v. City of New York*, 916 F.

Supp. 2d 517, 524 n.3 (S.D.N.Y. 2013) ("Title VII does not address discrimination based on a

criminal record" (citing *Tubbs v. N.Y.C. Parks Dep't*, No. 12-CV-3322, 2012 WL 4838439 (E.D.N.Y. Oct. 10, 2012))); *Gillum v. Nassau Downs Reg'l Off Track Betting Corp.*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005) ("Plaintiff's status as a convicted felon is not a protected class under Title VII.").

Plaintiff's allegations are insufficient to state a claim under Title VII. Plaintiff does not allege facts suggesting that Defendant terminated her because of a protected characteristic. Although a plaintiff may state a Title VII claim by alleging that the employer's employment practices have a racially disparate impact, 42 U.S.C. § 2000e-2(k)(1)(A)(i) (2016); *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971), Plaintiff does not allege facts showing that Defendant has a practice of discriminating against individuals because of their criminal history, or that any such practice has a racially disparate impact. *Cf. Mandala v. NTT Data, Inc.*, 975 F.3d 202, 212 (2d Cir. 2020) (holding that plaintiffs' allegations, which included statistical analysis, failed to state a claim that the employer's policy of denying job opportunities to individuals with certain criminal convictions resulted in an unlawful disparate impact on African-American job applicants). In fact, nowhere in the complaint does Plaintiff state her race or allege any facts that her race was a motivating factor in Defendant's employment decisions.

The Court therefore dismisses Plaintiff's claims under Title VII for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint alleging facts suggesting that her employer discriminated against her based on protected characteristic.

**B.    State law claims**

While Plaintiff cannot state a federal employment discrimination claim based on her prior criminal proceedings, discrimination on the basis of a criminal conviction is prohibited by New York's Human Rights Law. N.Y. Correct. Law § 752. To bring a state law claim in federal court,

a plaintiff must either allege facts demonstrating that the court has diversity of citizenship

jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise

supplemental jurisdiction of the state law claims.

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must

first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr.*

*v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable

probability" that the claim is in excess of the sum or value of $75,000.00, the statutory

jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438

F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, because

Plaintiff indicates in the complaint that both she and Defendant reside in New York, diversity of

citizenship is lacking. The Court therefore lacks diversity jurisdiction of Plaintiff's state law

claims.

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

Nothing in this order prevents Plaintiff from bringing her state law claims in an appropriate state court forum.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend her complaint to allege facts suggesting her employer discriminated against her based on her protected class.

If Plaintiff is unable to allege facts suggesting that Defendant discriminated against her based on her protected class or should Plaintiff want to instead pursue her state law claims in state court, she is not required to respond to this order, and within 30 days, the Court will direct the Clerk of Court to enter judgment.

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or

needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted

by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the

Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and

Courthouse in White Plains are available Monday through Thursday, 10am to 4pm.

Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be

granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead her

claims in an amended complaint.

Nothing in this order prevents Plaintiff from bringing her state law claims in an

appropriate state court forum.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    October 25, 2024
          New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge